FRANK CAMA v. THE BOARD OF ZONING APPEALS
OF THE TOWN OF WEST HAVEN

SUPERIOR COURT      NEW.HAVEN COUNTY      FILE No. 68226

Memorandum filed February 26, 1947.

*Sachs, Sachs and Sachs,* of New Haven, for the Plaintiff.

*William L. Hadden,* of New Haven, for the Defendant.

QUINLAN, J.  The law covering this subject was passed June 18, 1941. The legislature had however, in the same year, but on May 31, provided for the jurisdiction of the Court of Common Pleas. Section 810f, Sup. 1941, attempted to give the Court of Common Pleas exclusive jurisdiction of appeals from the doings of municipal boards and from the liquor con-trol commission. This particular jurisdiction is confined to these two subjects. At the same time the legislature amended all existing appeal provisions under these subject heads so as to eliminate the Superior Court and substitute the Court of Com-mon Pleas, including appeals concerning gasoline filling stations. This latter form of appeal is not strictly from the doings of municipal boards alone, yet the change in the appeal court was made to conform to the jurisdictional idea of the Common Pleas set up.

However, in the same legislature at a later date, and with the previous legislation presumably in mind, the repair station legis-lation provided for an appeal to the Superior Court.

There is no ambiguity about the repair station legislation nor can it be said to be necessarily inconsistent with the Common Pleas legislation. Although a similar question has arisen in the Court of Common Pleas under the same statute, in the absence of an ambiguity in this act under discussion the fact that the appeal also involves appeals from the acts of the motor vehicle

commissioner (as well as the local board), and the fact that the act is complete of itself and provides an appeal, and because of what has hereinbefore been stated, the demurrer to the plea to jurisdiction is sustained. "While the Court may interpret doubtful or obscure phrases and obscure language in a statute so as to give effect to the presumed intention of the legislature, and to carry out what appears to be the general policy of the law, it cannot, by construction, cure a casus omissus, however just and desirable it may be to supply the omitted provision, and it will make no difference if it appears that the omission on the part of the legislature was a mere oversight, and that, without doubt, the Act would have been drawn otherwise, if the attention of the legislature had been drawn to the oversight at the time the Act was under discussion." Crawford, Statutory Construction, § 169; see *Dupont* v. *Mills,* (Del.) 196 Ax. 168.